█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JUNE BROWN, Appellant.— Judgment of the Supreme Court, Kings County, rendered December 8, 1970, affirmed (*People* v. *Cefaro,* 23 N Y 2d 283). Order of the same court, dated May 25, 1971, affirmed. No opinion. Rabin, P. J., Hopkins, Munder, Martuscello and Latham, JJ., concur.

█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. TOMMIE BROWN, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered October 6, 1971, convicting him of robbery in the second degree, grand larceny in the third degree and assault in the second degree, upon a jury verdict, and sentencing him to maximum prison terms of seven years on the robbery charge and four years on each of the other two charges, all the sentences to run concurrently. Judgment reversed as to the sentence only, on the law, and otherwise affirmed, and case remanded to the Criminal Term for resentencing in accordance with sections 207 and 208 of the Mental Hygiene Law. We have considered defendant's contentions and find them without merit, except one. The record discloses that defendant was examined pursuant to article 9 of the Mental Hygiene Law and found to be a narcotic addict. The finding, however, on this record, was not brought to the attention of defendant or his attorney; nor did defendant admit that he was an addict, or request sentence as an addict pursuant to law (Mental Hygiene Law, § 208; Penal Law, § 60.15). Under these circumstances, the case must be remanded for resentencing (*People* v. *Sczerbaty,* 37 A D 2d 428). As defendant did not affirm his addiction, unlike the situation in *People* v. *Crafton* (31 N Y 2d 828), the provisions of the Mental Hygiene

Law must be applied. Rabin, P. J., Hopkins, Munder, Martuscello and Shapiro, JJ., concur.